# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2020

Lyle W. Cayce
Clerk

No. 20-30267
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NICHOLAS ROSS MCCULLEN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:19-CR-220-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Nicholas Ross McCullen pleaded guilty to one count of alteration of a postal money order. The district court sentenced him to an above-guidelines term of 30 months of imprisonment and one year of supervised release. On

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

appeal, McCullen challenges only the substantive reasonableness of his sentence.

Because he sought a sentence within the advisory guidelines range in the district court, McCullen preserved his substantive reasonableness challenge by "advocat[ing] for a sentence shorter than the one ultimately imposed." *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020). We review for abuse of discretion. *See United States v. Johnson*, 619 F.3d 469, 472 (5th Cir. 2010).

McCullen advances several arguments against the substantive reasonableness of his sentence, but the record does not show that the district court failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or committed a clear error of judgment in balancing the § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). His arguments also fail to overcome the deference we afford to the district court's decision that the § 3553(a) factors warrant a variance. *See United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012). The district court correctly calculated and considered the guidelines range, and it was entitled to rely upon a factor "already incorporated by the Guidelines to support a non-Guidelines sentence." *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008). Here, the district court expressed concerns that McCullen's offense was similar to many of his prior offenses and that shorter sentences had proven ineffective in the past. *See id.* at 349-50.

McCullen's arguments amount to no more than a request for this court to reweigh the statutory sentencing factors, which we will not do, as the district court is "in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Under the totality of

No. 20-30267

the circumstances, including the extent of the variance and the § 3553(a) factors identified by the district court—particularly the scope of McCullen's criminal history, which included similar prior offenses—the sentence was reasonable. *See United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012); *United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010).

The judgment of the district court is AFFIRMED.